UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN WAYNE TARPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00897-SRC |
| | ) | |
| BONNE TERRE PRISON, | ) | |
| | ) | |
| Defendant. | ) | |

## **Order**

The Court previously denied, without prejudice, self-represented prisoner Kevin Wayne Tarpley's motion for leave to proceed *in forma pauperis* ("IFP") because Tarpley did not submit a certified inmate-account statement as required by 28 U.S.C. § 1915(a)(2). Docs. 2, 6. Tarpley then filed a renewed IFP motion, doc. 8, this time accompanied by an inmate-account statement, doc. 9. Although Tarpley filed an inmate-account statement, the Court denies his motion with prejudice because he has had three prior cases dismissed under § 1915(g).

Congress mandates that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914(a). Courts may waive prepayment of this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). But the Prison Litigation Reform Act imposes an important exception. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

Courts have dismissed at least three of Tarpley's prior actions for frivolity, malice, or failure to state a claim on which relief may be granted. *See Tarpley v. Ford*, No. 2:07-cv-00037-DDN (E.D. Mo. Nov. 6, 2007) (dismissing case as frivolous); *Tarpley v. Ford*, 2:08-cv-18-DDN (E.D. Mo. May 16, 2008) (dismissing case as frivolous and malicious); *Tarpley v. Ford*, No. 2:08-cv-00025-JCH (E.D. Mo. May 28, 2008) (dismissing case as frivolous and malicious); *see also Tarpley v. McMeade*, No. 1:19-cv-00030-SNLJ (E.D. Mo. June 10, 2019) (recognizing Tarpley's three strikes under § 1915(g)). The Court takes judicial notice of those cases. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (noting that courts "may take judicial notice of judicial opinions and public records"). Because Tarpley has accumulated three strikes under § 1915(g), the Court cannot grant him leave to proceed IFP in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Tarpley does not assert that he faces imminent danger of serious physical injury. *See generally* docs. 1, 1-3. The Court therefore denies his IFP motion with prejudice. *See* 28 U.S.C. § 1915(g).

Accordingly, the Court denies Tarpley's [8] motion to proceed IFP with prejudice. The Court orders Tarpley to, no later than December 21, 2026, pay the $405 filing fee. If Tarpley does not comply with this Order, the Court will dismiss this case without prejudice and without further notice.

So ordered this 19th day of November 2026.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE